UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------X
MARKEL AMERICAN INSURANCE COMPANY,

                Plaintiff,

-against-

MATTHEW LINHART,

                Defendant.
----------------------------------------------------------X

**ORDER**
11-CV-5094 (SJF)(GRB)

FILED
IN CLERK'S OFFICE
U S DISTRICT COURT E D N Y

★    JUL 1 1 2012    ★

LONG ISLAND OFFICE

FEUERSTEIN, District Judge:

On October 20, 2011, plaintiff Markel American Insurance Company ("plaintiff" or "Markel") commenced this action against defendant Matthew Linhart ("defendant"), seeking, inter alia, a declaratory judgment that certain damage to defendant's yacht is not covered by a marine insurance policy between the parties. [Docket Entry No. 1]. On January 5, 2012, defendant filed an answer with several counterclaims. [Docket Entry No. 2].

Before the Court are two (2) motions filed by plaintiff. In the first motion, plaintiff seeks dismissal of defendant's third and fourth counterclaims. [Docket Entry No. 13]. In the second, plaintiff seeks to strike defendant's demand for a jury trial. [Docket Entry No. 16]. For the following reasons, the motions are granted in their entirety.

I.     Background

Defendant is the owner of a thirty-six (36) foot Sea Ray motor yacht named "A Yacht More Pleasure." See Countercomplaint [Docket Entry No. 2] ("Ctrcompl.") at ¶ 12. On or about

1

March 30, 2011, plaintiff issued a marine insurance policy to defendant, which provided up to twenty-five thousand dollars ($25,000.00) of coverage. Complaint [Docket Entry No. 1] ("Compl.") at ¶ 6.

On or about September 3, 2011, defendant, who was operating the vessel, took the yacht for a cruise. Ctrcompl. at ¶ 12. Shortly after leaving the dock, "a loud bang was heard" and the yacht began taking on water. Id. at ¶ 13. After contacting the Coast Guard, defendant brought the vessel back to shore. See id. at ¶ 14. Defendant subsequently submitted a claim to Markel, seeking payment for the cost of the necessary repairs. Compl. at ¶ 9. After an investigation, Markel concluded that the incident was caused by defendant's failure to properly maintain the vessel, and that the loss resulted from "wear and tear," "gradual deterioration," and "failure to maintain the insured vessel," which were expressly excluded from coverage. Id. at ¶¶ 21, 27.[1] Markel claims that any damage resulting from such a condition is exempted under the Policy because it does not constitute "sudden accidental direct physical loss or damage." Id. at ¶¶ 15-16.

On October 20, 2011, plaintiff filed this action seeking a declaration of its obligations under the Policy.

II. Discussion

    A. Motion to Dismiss Standard

"To survive a motion to dismiss, a complaint must contain sufficient factual matter,

---

[1] Specifically, plaintiff alleges that the cause of the damage was a "failure of the vessel's port shaft coupler," a component that had deteriorated over a period of time. Id. at ¶ 11.

accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007)). "A pleading that offers 'labels and conclusions' or 'a 'formulaic recitation of the elements of a cause of action will not do.'" Iqbal, 556 U.S. at 678 (quoting Twombly, 550 U.S. at 555). "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" Iqbal, 556 U.S. at 678 (quoting Twombly, 550 U.S. at 557).

In deciding a motion pursuant to Rule 12(b)(6), the Court must accept all factual allegations in the complaint as true and draw all reasonable inferences in favor of the plaintiff. Matson v. Bd. of Educ. of the City Sch. Dist. of N.Y., 631 F.3d 57, 63 (2d Cir. 2011); see also Ruston v. Town Bd. for the Town of Skaneateles, 610 F.3d 55, 59 (2d Cir. 2010) ("When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief."). "[T]he tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Iqbal, 556 U.S. at 678. "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." Id. at 679. "While a complaint need not contain detailed factual allegations, it requires more than an unadorned, the defendant-unlawfully-harmed-me accusation." Matson, 631 F.3d at 63 (internal quotation marks and citation omitted).

B.  Defendant's Third Counterclaim

In the third counterclaim, defendant alleges that plaintiff "engaged in wrongful conduct and handling of [his] claim," which was "of a morally reprehensible or wantonly dishonest nature." Ctrcompl at ¶¶ 27-28. In connection with this claim, defendant seeks "punitive and/or exemplary damages" of "not less than $100,000." Id. at ¶ 28.

The general rule is that "[p]unitive damages are not recoverable for a breach of contract unless the conduct constituting the breach is also a tort for which punitive damages are recoverable." Thyssen, Inc. v. S.S. Fortune Star, 777 F.2d 57, 63 (2d Cir. 1985) (quoting Restatement (Second) of Contracts § 355 (1979)). "This rule applies although the breach is intentional or even when it has been effected with malicious intent." Id. (citations omitted). However, the Second Circuit has indicated that an exception to the rule may exist where an insurer refuses, in bad faith, to settle an insurance claim for which it is liable. Thyssen, 777 F.2d at 63.[2]

Defendant's allegations of bad faith must be dismissed because they are completely conclusory and are not plausible. As defendant recognizes in his answer, Markel denied his claim only after conducting an investigation and concluding that the damage was caused by defendant's own failure to maintain the vessel. There are no allegations from which the Court could conclude that Markel denied the claim in bad faith, or that its actions were "wrongful" such that they would permit an award of punitive damages. At most, defendant alleges that plaintiff denied his claim and failed to provide him with a copy of the marine survey conducted after the

---

[2] In Thyssen, the court noted that it was unable to locate any case in which an admiralty court had awarded punitive damages for a breach of contract. Id. at 62.

4

incident. Accordingly, defendant's counterclaims are dismissed insofar as they seek punitive damages. See generally Am. Nat'l Fire Ins. Co. v. Mirasco, 143 F.Supp.2d 372, 379 (S.D.N.Y. 2001); Great Am. Ins. Co. v. J. Aron & Co., Inc., No. 94 CIV. 4420, 1995 WL 325652, at *3-4 (S.D.N.Y. May 30, 1995) (dismissing bad faith counterclaim); see also Iqbal, 556 U.S. at 678 ("naked assertions" that are "devoid of further factual enhancement" are insufficient to survive a motion to dismiss).

C. Defendant's Fourth Counterclaim

In the fourth counterclaim, titled "consequential damages," defendant seeks reimbursement of the fees and costs he has incurred in connection with this action. Id. at ¶ 30.

The "general rule" in admiralty actions is that "the award of fees and expenses . . . is discretionary with the district judge upon a finding of bad faith." Ingersoll Milling Mach. Co. v. M/V Bodena, 829 F.2d 293, 309 (2d Cir. 1987); see also N.Y. Marine & Gen. Ins. Co. v. Lafarge N. Am., Inc., 599 F.3d 102, 127 (2d Cir. 2010). Defendant argues once again that he is entitled to fees and expenses because Markel acted in bad faith by declining coverage and by commencing this action. See Def. Br. at 4. As discussed above, however, defendant has alleged no facts upon which the Court could make a finding of "bad faith" by the plaintiff. The counterclaims are therefore also dismissed to the extent that they seek attorneys' fees and expenses. See generally Protection Mut. Ins. Co. v. Silgan Plastics Corp., No. 96 Civ. 4493, 2000 WL 1277358, at *1 (S.D.N.Y. Sept. 7, 2000) (fee award not justified when there is no showing of bad faith).

D.  Defendant's Demand for a Jury Trial

Finally, plaintiff seeks to strike defendant's demand for a jury trial on his counterclaims, arguing that "the marine insurer's invocation of admiralty jurisdiction under Rule 9(h) of the Federal Rules of Civil Procedure results in the entire action being subject to [a] non-jury trial . . . ." Pl. Br. at 3.

The Federal Rules of Civil Procedure "do not create a right to a jury trial on issues in a claim that is an admiralty or maritime claim under Rule 9(h)." Fed. R. Civ. P. 38(e). New York courts, however, are split on the issue of whether a defendant is entitled to a jury trial on a non-admiralty cause of action that is asserted as a counterclaim. Compare Fed. Ins. Co. v. PGG Realty LLC, No. 06 Civ. 2455, 2007 WL 1149245, at *8-9 (S.D.N.Y. Apr. 17, 2007) ("The argument that a defendant asserting counterclaims in a maritime action is entitled to a jury trial over at least those claims that would otherwise be tried to a jury . . . has been rejected by the overwhelming majority of courts outside the Ninth Circuit, including several in this district."); Royal Ins. Co. of Am. v. Deep Sea Int'l, 2004 U.S. Dist. LEXIS 5948, at *29-32 (S.D.N.Y. Mar. 15, 2004) (recommending that jury demand be stricken); St. Paul Fire & Marine Ins. Co. v. Holiday Fair, Inc., No. 94 CIV. 5707, 1996 WL 148350, at *1-2 (S.D.N.Y. Apr. 2, 1996) (striking jury demand) with Sphere Drake Ins. v. J. Shree Corp., 184 F.R.D. 258, 260-61 (S.D.N.Y. 1999) (permitting a jury trial on counterclaims "both preserves a litigant's 'inviolate' right to a trial by jury and comports with Supreme Court precedent . . . .").

As the court put it in Holiday Fair:

> The invocation of admiralty jurisdiction is a long established right in our legal system, which is expressly recognized in Rule 9(h). The right to a non-jury trial in admiralty cases is expressly provided for in Rule 38(e). It would seem to be a

6

> reasonable application of these principles to hold that St. Paul's right to a non-jury trial based on its admiralty claim outweighs Holiday Fair's request for a jury trial based on its counterclaim. Suit by an insurance company for a declaratory judgment under a policy of marine insurance is not a mere "race to the courthouse," but is a normal and orderly procedure.

1996 WL 148350, at *2. The Court agrees with this view, and finds that defendant is not entitled to a jury trial on his counterclaims. Defendant's counterclaims implicate the same issues and questions as plaintiff's complaint (*i.e.*, Markel's obligations under the marine insurance policy). A separate jury trial would not only undermine plaintiff's invocation of admiralty jurisdiction, but would be wasteful, duplicative, and risk inconsistent results. See Windsor Mount Joy Mut. Ins. Co. v. Johnson, 264 F.Supp.2d 158, 162-63 (D. N.J. 2003). A number of other district courts have come to the same conclusion. See, e.g., Nat'l Casualty Co. v. Lockheed Martin Corp., 415 F.Supp.2d 596, 604-606 (D. Md. 2006); Windsor Mount Joy, 264 F.Supp.2d 158; Norwalk Cove Marina, Inc. v. SS/V Odysseus, 100 F.Supp.2d 113, 114 (D. Conn. 2000).

Accordingly, the motion to strike defendant's demand for a jury trial is granted.

III. Conclusion

For the foregoing reasons, plaintiff's motions to dismiss the third and fourth counterclaims and to strike defendant's jury demand [Docket Entry Nos. 13, 16] are granted in their entirety.

**IT IS SO ORDERED.**

                                          s/ Sandra J. Feuerstein
                                          Sandra J. Feuerstein
                                          United States District Judge

Dated:      July 11, 2012
             Central Islip, New York